UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24517-CIV-KING

CARLOS BALLESTEROS,

    Plaintiff,

v.

NCL (BAHAMAS) LTD,

    Defendant.
_____/

## ORDER COMPELLING ARBITRATION

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss and Compel Arbitration (DE #5), filed December 26, 2012. Therein, Defendant argues that Plaintiff's claims should be submitted to arbitration in accordance with the arbitration clause of an employment agreement. The Court, being briefed on the matter,[1] finds that Defendant's Motion should be granted in part.

Plaintiff Carlos Ballesteros ("Ballesteros"), a Nicaraguan citizen, was employed by Defendant NCL (Bahamas) Ltd. ("NCL") as a seaman. He was first hired on November 4, 2006, at which point he signed the first of five Employment Agreements. (DE #1-1). Ballesteros was subsequently re-hired four additional times, each under new Employment Agreements; the later four Employment Agreements each contained the same arbitration provision mandating that any and all claims, grievances, and disputes

---

[1] Plaintiff filed a Response (DE #10) on January 24, 2013. Defendant filed a Reply (DE #16) on February 8, 2013.

1

between Ballesteros and NCL, including Jones Act claims, actions for maintenance and cure, unseaworthiness, and wages shall be adjudicated by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *See* (DE #1-2). The venue for arbitration shall be the seaman's country of citizenship, unless arbitration pursuant to the Convention was unavailable in that country, in which case arbitration shall be the Bahamas. The Employment Agreement further contained a choice of law clause, selecting the "substantive law . . . of the flag state of the vessel." (*Id.* at ¶ 12).

Ballesteros alleges that on June 3, 2010, while employed by NCL as an assistant cook aboard NCL's vessel, Epic, and in the service of the vessel, he was attacked by a group while walking on shore back to the vessel. (Comp., DE #1-4, ¶¶ 7–9). As a result of the attack, Ballesteros claims that he suffered severe head injuries. (Comp., ¶9). On September 19, 2012, Ballesteros filed a three-count Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County alleges negligence under the Jones Act, unseaworthiness, and failure to provide maintenance and cure. (Compl.). Defendant filed its Notice of Removal (DE #1) on December 24, 2012, and on December 26, 2012 moved this court to dismiss the above-styled action and compel arbitration (DE #5).

In evaluating a motion to compel arbitration, district courts conduct a "limited jurisdictional inquiry [that is] colored by a strong preference for arbitration." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). The court first determines whether four jurisdictional perquisites are met. The arbitration agreement must be in writing within the meaning of the Convention; must provide for arbitration in a signatory

territory; must arise out of a legal relationship; and must have at least one party who is not an American citizen. *Id.* at 1295. If the prerequisites are met, the court must compel arbitration unless the plaintiff has an affirmative defense under the Convention. *Id.*

It cannot be disputed that four jurisdictional perquisites are met in the above-styled action. Plaintiff, however, argues that his claims should not be submitted to arbitration for three reasons. First, Plaintiff alleges that his Employment Agreement is invalid under the Seaman's Articles of Agreement Convention and Bahamian law and, therefore, is unenforceable. Second, Plaintiff claims that the arbitration agreement deprives him of any meaningful relief. And, third, he alleges that the arbitration agreement is unenforceable as void against public policy.

The Court finds Plaintiff's arguments unavailing. None of these serve as a valid defense under the Convention. First, regardless of whether Plaintiff had time to consult a lawyer about the relevant Employment Agreement, Plaintiff signed four Employment Agreements containing the same arbitration provision over the course of more than three years. It is axiomatic that signatories to a contract are responsible for reading the agreement and understanding its contents. At the very least, his willingness to resign those agreements manifested his assent to the terms of the agreement. Second, Nicaragua, where Plaintiff is a citizen, and the Bahamas both are signatories to the Convention. And, third, Plaintiff's argument that an arbitration agreement is "null and void" if it goes against public policy has been rejected by the Eleventh Circuit as an improper defense under the Convention *before* arbitration. *See Fernandes v. Carnival Corp.*, 484 F. App'x

3

361, 362 (11th Cir. 2012) (citing *Lindo v. NCL (Bahamas), Ltd.*), 652 F.3d 1257 (11th Cir. 2011).

The Employment Agreement appears to contain no severability clause, and thus this Court may not excise the choice of law provision without invalidating the entire agreement. Based on the strong federal interest in arbitration, courts, where possible, are to enforce arbitration agreements according to their terms. *See, e.g., Rent-A-Center, Inc. v. Jackson*, 130 S. Ct. 2772 (2010). Thus, unless the entire agreement is void, the choice of law provision must remain.

When it addressed the same Employment Agreement at issue here, the Eleventh Circuit upheld the choice of law and choice of forum provisions. *See Lindo*, 652 F.3d 1257. Though the *Lindo* Court acknowledged the plaintiff's concern about potential challenges to obtaining full relief under U.S. statutory law because the forum state did not recognize Jones Act claims, the Court said that the time to challenge foreign arbitration as void against public policy is after the arbitrator's final decision has been made. *Id.* at 1269. "[E]ven if a contract expressly says that foreign law governs, . . . courts should not invalidate an arbitration agreement at the arbitration-enforcement stage on the basis of speculation about what the arbitrator will do, as there will be a later opportunity to review any arbitral award." *Id.*

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion to Dismiss and Compel Arbitration (**DE #5**) be, and is hereby, **GRANTED in part**. Plaintiff's claims shall be submitted to arbitration in accordance with the arbitration

clause of the Employment Agreement. This case is **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** this case. All pending motions are **DENIED as moot.** The Court retains jurisdiction for enforcement of the arbitral award, if appropriate.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 13th day of February, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**